IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03039-DDD-STV

KRISTEN AGUIRRE,
         Plaintiff,
v.
MULTIMEDIA HOLDINGS CORPORATION d/b/a KUSA-TV; and TEGNA, INC.,
         Defendants.

PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Multimedia Holdings Corporation, licensee of KUSA/KTVD (hereinafter "KUSA" or "Station") and TEGNA, Inc. ("TEGNA," and together with MCH, "Defendants") file this motion to dismiss the Fourth Claim for Relief raised by Plaintiff Kristen Aguirre in her Complaint on the grounds that it is untimely.

## INTRODUCTION

Plaintiff was employed by KUSA as a news anchor and reporter. (Compl. ¶¶ 17-18.) On April 13, 2019, she suffered an ischemic stroke. (*Id*. ¶¶ 29-33.) She spent more than two months at a brain injury rehabilitation center, followed by intensive outpatient therapy." (*Id*. ¶¶ 35, 42.) In her own words, the "stroke substantially impeded her ability to perform manual tasks and take care of herself, as well as substantially limited some of her neurological and brain function." (*Id*. ¶ 45.) She alleges that, despite her efforts to return to work, her employment was terminated on March 13, 2020. (*Id*. ¶ 82.)[1]

On December 23, 2020—285 days after her alleged termination—Plaintiff filed a charge of discrimination with the EEOC. (A copy of the charge is attached as Exhibit A.) In her charge,

---

[1] Defendants dispute the allegation, but for purposes of this motion to dismiss only must treat it as true.

Plaintiff described in detail the events related to her stroke, recovery, and rehabilitation efforts. (*Id.*) She also alleged that actions taken by some at the Station, including the end of her employment on March 13, 2020, amounted to discrimination and retaliation on the basis of disability, in violation of the Americans with Disabilities Act. (*Id.*)

Months later, on April 19, 2021—now 402 days after her alleged termination—Plaintiff filed another charge of discrimination with the EEOC. (A copy of the charge is attached as Exhibit B.) In her second charge, Plaintiff alleged for the first time that she had been discriminated against on the basis of race or national origin under Title VII. (*Id.*)

Plaintiff's Title VII claims of race or national origin discrimination are untimely. Under that statute, a charge must be filed within 300 days of the date the alleged unlawful employment practice occurred. Claims "cannot be brought with respect to discrete acts of discrimination that occur more than 300 days prior to the filing of the charge." *Robinson v. Bd. Of Regents of Univ. of Colorado*, 390 F. Supp. 2d 1011, 1020-23 (D. Colo. 2005) (holding that the court will consider only events giving rise to the claim of discrimination that occurred within 300 days of filing the charge); *Mitchell v. City & County of Denver*, 112 Fed. Appx. 662, 668 (10th Cir. 2004) (in Title VII matter, "considering only those acts that occurred within the 300 days prior to the filing of [the plaintiff's] administrative charge"). Accordingly, Plaintiff's claims of race or national origin discrimination in her Fourth Claim of Relief must be dismissed.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain facts sufficient to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts evaluate whether it is plausible from the allegations, and not merely possible, that the plaintiff is entitled to relief. *EEOC v. Pitre, Inc.*, 908 F. Supp. 2d 1165, 1170-71 (D.N.M. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

The four corners of the Complaints must provide support to show that Plaintiff is entitled to the relief she seeks. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003). Accordingly, the Supreme Court has instructed that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (quoting 5 Wright & Miller § 1216, at 233-234.) Indeed, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed. *Id.* (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n. 17 (1983)).

In addition, the Court may consider Plaintiff's EEOC charges, despite that Plaintiff did not attach them to her Complaint. The court's consideration of a complaint under Rule 12(b)(6) is focused on the complaint and its attached exhibits, but courts also have broad discretion to consider external documents that are undisputed and to take judicial notice of facts which are a matter of public record. *See Broker's Choice of Am., Inc. v. NBC Universal, Inc*., 861 F.3d 1081, 1103 (10th Cir. 2017); *Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012). Further, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc*., 130 F.3d 1381, 1384 (10th Cir. 1997). Plaintiff explicitly identifies both EEOC charges in her Complaint, though she elides any differences between them, and the documents are relevant to whether she has exhausted

3

administrative remedies before filing suit. (Compl. ¶¶ 6-8.) Accordingly, the Court may consider the text of the documents in the context of this Partial Motion to Dismiss.

Consistent with this standard and as shown below, the Court should dismiss Plaintiff's Title VII claims of race and/or national origin discrimination from the Complaint (Compl. ¶¶ 129-138) because it is not timely.

## ARGUMENT

Plaintiff's claims of race, ethnicity, and national origin discrimination are time-barred and must be dismissed. Title VII provides an explicit pre-charge limitations period: "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred," or within 300 days in a jurisdiction with its own enforcement agency. 42 U.S.C. § 2000e-5(e)(1). Title VII's 300-day limitations period applies here. 42 U.S.C. § 2000e-6(e)(1); 42 U.S.C. § 2000e-5(1). This limitations period serves as a "time limitation[]" that ensures "the fair operation" of Title VII and "protect[s] employers from the burden of defending claims arising from employment decisions that are long past." *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 371 (1977); *Del. State Coll. v. Ricks*, 449 U.S. 250, 256-57 (1980).

Under the Title VII limitations period, it is well-settled that a Title VII claim "cannot be brought with respect to discrete acts of discrimination that occur more than 300 days prior to the filing of the charge." *Robinson*, 390 F. Supp. 2d at 1020-23 (holding that the court will consider only events giving rise to the claim of discrimination that occurred within 300 days of filing the charge) (citing *National R.R. Passenger Co. v. Morgan*, 536 U.S. 101, 114 (2002) ("[O]nly those acts that occurred 300 days before February 27, 1995, the day Morgan filed his charge, are actionable")); *Mitchell*, 112 Fed. Appx. at 668 (10th Cir. 2004) (in Title VII matter, "considering only those acts that occurred within the 300 days prior to the filing of [the plaintiff's]

administrative charge"); *EEOC v. JBS USA, LLC*, 794 F. Supp. 2d 1188, 1205 (D. Colo. 2011) (plaintiffs intervening in Title VII lawsuit brought by EEOC "cannot base [their discrimination claims] on events outside the statutory period"). Each discrete incident of alleged discrimination "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (quoting *Morgan*, 536 U.S. at 114).

In her Complaint, Plaintiff identifies the date of the last incident of alleged discrimination impacting her as her termination on March 13, 2020. (Compl. ¶ 82.) To be timely, any charge of discrimination had to be filed within the next 300 days, i.e., on or before January 1, 2021. However, Plaintiff did not file an EEOC charge alleging race, ethnicity, or national origin discrimination until April 19, 2021, long after that period had expired. (Ex. B.) Accordingly, her claims of race, ethnicity, and national origin discrimination, described in her Fourth Claims for Relief, should be dismissed as untimely.

Nor can Plaintiff turn to her earlier charge of disability discrimination to bootstrap her later claim of race and national origin discrimination. Where that charge form provided boxes to select the type of discrimination on which her claims were based, she selected only "DISABILITY" and "RETALIATION." (Ex. A.) She did not, however, select either of the "race" or "national origin" boxes. "The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007.) Furthermore, the "particulars" of the first charge also confirm that Plaintiff alleged only disability discrimination and retaliation. For example, the "JURISDICTIONAL STATEMENT" identified that the respondents are covered by the ADA. (Ex. A at I.) The "STATEMENT OF HARM" alleges that the respondents

5

"unlawfully discriminated against Ms. Aguirre because of her disability," and attributes the employment actions she describes as following from her stroke. (*Id*. at II.) So, too, is her "DISCRIMINATION STATEMENT" focused on her alleged disability. (*Id*. at IV.1-47.) The first allegations of discrimination on account of race and national origin do not appear until her second charge, filed on April 19, 2021, far outside the 300 day period on which a claim may be asserted under Title VII.

## I. CONCLUSION

Plaintiff's Title VII claims of race and/or national origin discrimination were not the subject of a timely EEOC charge. Accordingly, the Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's Fourth Claim of Relief. (Complaint ¶¶ 129-138.)

DATED: February 15, 2022                Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: */s/ Andrew Scroggins*
                                              Andrew Scroggins

Camille Olson
Richard Lapp
Andrew Scroggins
colson@seyfarth.com
rlapp@seyfarth.com
ascroggins@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2022, a true and correct copy of this document was filed the Court's CM/ECF system, which will send notice to the following individuals:

> Iris Halpern (ih@rmlawyers.com)
> Ciara Anderson (ca@rmlawyers.com)
> RATHOD | MOHAMEDBHAI LLC
> 2701 Lawrence Street, Suite 100
> Denver, Colorado 80205
> (303) 578-4400 (t)
> (303) 578-4401 (f)
> *Attorneys for Plaintiff*

>                          */s/ Andrew Scroggins*
>                          One of the Attorneys for Defendants