IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03039-DDD-STV

KRISTEN AGUIRRE,
          Plaintiff,
v.
MULTIMEDIA HOLDINGS CORPORATION d/b/a KUSA-TV; and TEGNA, INC.,
          Defendants.

DEFENDANTS' REPLY IN SUPPORT OF THE
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

As explained in Defendants' Partial Motion to Dismiss Plaintiff's Complaint (the "Motion"), Plaintiff's Title VII race, ethnicity, and national origin discrimination are time-barred and must be dismissed. (ECF No. 17 at 4-6.) Nothing in Plaintiff's Response compels a different result.

## I. PLAINTIFF'S EEOC CHARGES ARE CENTRAL TO HER COMPLAINT AND MAY BE CONSIDERED BY THE COURT

With the Motion, Defendants submitted EEOC charges filed by the Plaintiff which showed that her allegations of race, ethnicity, and national origin discrimination were not timely. (ECF No. 17 at 1-2, ECF No. 17-1 and 17-2.) The Court may consider such materials without converting the motion to one for summary judgment, so long as the document is referred to in the complaint, authenticity is not in dispute, and the documents are central to plaintiff's claim. (ECF No. 17 at 3-4.)

Plaintiff's EEOC charges are explicitly referenced in her Complaint (ECF No. ¶¶ 6-7), and she does not dispute the authenticity of the documents. Instead, she contends that the Court should disregard the charges on the grounds that they are not "central" to her complaint. (ECF No. 20 at 4-5.) However, courts in the Tenth Circuit routinely consider EEOC charges to be

central to discrimination complaints. For example, in *Martin v. Central States Emblems, Inc.*, 150 Fed.Appx. 852 (10th Cir. 2005), the Court of appeals "consider[ed] the documents from the EEOC proceedings as undisputed documents referenced in the complaint as amended and central to [plaintiff's] claim without requiring that this case be decided on a summary judgment motion rather than a motion to dismiss." *Id.* at 857-58. More recently, in *Martinez v. Million Air Mechanical Inc.*, the court considered an EEOC charge to be central to a Title VII complaint and took it into account in granting defendant's motion to dismiss. Civil Action No. 21-cv-02299-DDD-NRN, 2022 WL 843889, at *2 (D.Colo. Mar. 22, 2022). *See also Schone v. Sodexo, Inc.*, Civil Action No. 1:19-cv-02283-SKC, 2021 WL 915937, at *4 (D.Colo. Mar. 10, 2021) (holding that EEOC charge was "central to [plaintiff's] discrimination claims insofar as the question of proper exhaustion is concerned"); *Lasser v. Charter Communications, Inc.*, Civil Action No. 19-cv-02045-RM-MEH, 2020 WL 2309506, at *4 (D.Colo. Feb. 10, 2020) (holding that an EEOC charge referred to in a complaint is central to the plaintiff's claim); *Mobley v. Dillon Companies, Inc.*, 153 F.3d 727 (10th Cir. May 29, 1998) (same).

## II. THE COURT MAY CONSIDER AFFIRMATIVE DEFENSES ON A MOTION TO DISMISS

As Defendants explained in their Motion, consideration of Plaintiff's EEOC charges shows that she failed to exhaust her Title VII claims of race, ethnicity and national origin discrimination, so her Fourth Claim of Relief must be dismissed. (ECF No. 17 at 2, 4-5.) Plaintiff argues that failure to exhaust is an affirmative defense, for which the Court should be limited solely to the allegations in her Complaint. (ECF No. 20 at 3-4.)

As an initial matter, the Tenth Circuit has held explicitly that the Court may consider an affirmative defense of failure to exhaust on a motion to dismiss. *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019). While the court in *Cirocco* considered only the allegations on

the face of the complaint, it did not do away with the exception that permits consideration of documents that are referenced in the complaint, indisputably authentic, and central to plaintiff's claim. For example, in *Martinez*, the court followed *Cirocco*'s holding that "[a]lthough failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." The court nonetheless considered the plaintiff's EEOC charge, which he had not attached to his complaint, and granted defendant's motion to dismiss. Civil Action No. 21-cv-02299-DDD-NRN, 2022 WL 843889, at *2 (D.Colo. Mar. 22, 2022). *See also Amann v. Office of Utah Attorney General*, Case No. 2:18-cv-00341-JNP-DAO, 2021 WL 3931390, at *9 (D.Utah Sept. 2, 2021) (same).

## III. PLAINTIFF'S CHARGES DO NOT SATISFY THE ADMINISTRATIVE EXHAUSTION REQUIREMENT

To be timely, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the complained-of conduct. (ECF No. 17 at 4.) Plaintiff does not dispute that her second charge of discrimination, which for the first time claimed race, ethnicity, and national origin discrimination, was filed more than 300 days after her termination.

The Court should reject Plaintiff's argument to apply the limited exception provided under EEOC regulations, which allow some amendments to "relate back" to the filing of an earlier charge. (ECF No. 20 at 6-9.) To relate back, an amendment must (1) correct technical defects or omissions; (2) clarify or amplify allegations made in the original charge; or (3) add additional Title VII violations "related to or growing out of the subject matter of the original charge." 29 C.F.R. § 1601.12(b). Plaintiff's amended charge does none of these things. To the contrary, the "particulars" of the first charge confirm that Plaintiff alleged only disability discrimination and retaliation. For example, the "JURISDICTIONAL STATEMENT" identified that the respondents are covered by the ADA. (ECF No. 17-1 at I.) The "STATEMENT OF

3

HARM" alleges that the respondents "unlawfully discriminated against Ms. Aguirre because of her disability," and attributes the employment actions she describes as following from her stroke. (*Id.* at II.) So, too, is her "DISCRIMINATION STATEMENT" focused on the events related to her stroke, recovery, and rehabilitation efforts. (*Id.* at IV.1-47.) She also alleged that actions taken by some at the Station, including the end of her employment on March 13, 2020, amounted to discrimination and retaliation on the basis of disability, in violation of the Americans with Disabilities Act. (*Id.*)

Plaintiff's first charge includes only two non-specific and immaterial statements related to race, ethnicity, or national origin, neither of which relate in any way to how she was treated at work. The first example relates to volunteer efforts by Plaintiff outside of the work place. (ECF No. 17-1 at 3, ¶ 6 ("Immediately upon arriving in Denver, Ms. Aguirre began making connections, particularly in the Latino community. Ms. Aguirre also volunteered her time outside of work with Big Brothers Big Sisters of Colorado, Best Buddies, and the Latino Community Foundation, among others.").) The second example relates to the types of stories that Plaintiff covered. (*Id.*, ¶ 10 ("Ms. Aguirre's focus at 9NEWS was to increase visibility of the Denver Latino population, promote community-based stories, and report on immigration and women's issues.").) Neither could be construed to put Defendants on notice the Plaintiff intended to file suit based on race, ethnicity, or national origin.

It was not until her second charge, filed 402 days after her alleged termination, that Plaintiff added new allegations and asserted for the first time that she had been discriminated against on the basis of race or national origin under Title VII. (ECF No. 17-2, adding new Paragraphs 48-55.) These new claims were based on alleged events that occurred after Plaintiff's employment had ended and not to Plaintiff, but unnamed others. (*Id.* at 6.) Accordingly, the new

4

claims were not related to or growing out of the subject matter of the original charge, and the claims of race, ethnicity, and national origin discrimination cannot be bootstrapped onto the earlier claims based on disability.

## IV.   CONCLUSION

Plaintiff's Title VII claims of race, ethnicity, and/or national origin discrimination were not the subject of a timely EEOC charge. Accordingly, the Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's Fourth Claim of Relief. (Complaint ¶¶ 129-138.)

DATED: May 2, 2022                              Respectfully submitted,

                                                SEYFARTH SHAW LLP


                                                By: */s/ Andrew Scroggins*
                                                     Andrew Scroggins

Camille Olson
Richard Lapp
Andrew Scroggins
colson@seyfarth.com
rlapp@seyfarth.com
ascroggins@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:   (312) 460-7000
*Attorneys for Defendants*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2022, a true and correct copy of this document was filed the Court's CM/ECF system, which will send notice to the following individuals:

> Iris Halpern (ih@rmlawyers.com)
> Ciara Anderson (ca@rmlawyers.com)
> RATHOD | MOHAMEDBHAI LLC
> 2701 Lawrence Street, Suite 100
> Denver, Colorado 80205
> (303) 578-4400 (t)
> (303) 578-4401 (f)
> *Attorneys for Plaintiff*

*/s/ Andrew Scroggins*
One of the Attorneys for Defendants